STATE OF NORTH CAROLINA
v.
DONNELL EDWIN MURRAY

No. COA12-1066

Filed 20 August 2013

**1. Evidence—exhibits—photographs—authentication**

The trial court did not err in a possession with intent to sell and deliver cocaine and sale of cocaine case by admitting as substantive evidence the State's exhibits 7 and 8 based on alleged improper authentication in violation of N.C.G.S. § 8C-1, Rule 901. The photos were properly authenticated as people from whom the police informant had purchased drugs in the past.

**2. Evidence—exhibits—photographs—relevancy**

The trial court erred in a possession with intent to sell and deliver cocaine and sale of cocaine case by admitting as substantive evidence the State's exhibits 7 and 8. The photographs did not have any tendency to make the existence of any fact of consequence more probable or less probable.

**3. Evidence—exhibits—photographs—admission prejudicial**

Defendant was prejudiced in a possession with intent to sell and deliver cocaine and sale of cocaine case by the trial court's admission of exhibits 7 and 8 into evidence. There was a reasonable possibility that had exhibits 7 and 8 not been admitted as substantive evidence, a different result would have been reached at trial.

Appeal by Defendant from judgments entered 15 May 2012 by Judge Robert C. Ervin in Cleveland County Superior Court. Heard in the Court of Appeals 28 February 2013.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Kimberly D. Potter, for the State.*

> *Julie Ramseur Lewis, for Defendant.*

DILLON, Judge.

Donnell Murray (Defendant) appeals from judgments entered upon convictions of possession with intent to sell and deliver cocaine and sale of cocaine in violation of N.C. Gen. Stat. § 90-95 (2011), challenging the authentication and relevancy of photographs admitted into evidence, the trial court's failure to exercise its discretion in responding to a jury request, and the alleged ineffective assistance of Defendant's trial counsel.[1] We conclude that Defendant is entitled to a new trial.

## I. Background

The evidence of record tends to show the following: On 18 January 2011, Phillip West, a police informant, was wired with a camera by officers of the Shelby Police Department and provided a vehicle and two $20 bills. Detective James Burgess and Detective Chad Burnette provided Mr. West with two $20 bills and instructed him to go to a particular residence and attempt to buy controlled substances from a man named Donnell Murray.

Mr. West went to the residence and knocked on the door. A man opened the door, and Mr. West asked if "it was Donnell," to which the man replied, "Yes." Mr. West said he needed "a forty," which meant $40 worth of crack cocaine. The man handed Mr. West two rocks that appeared to be crack cocaine in exchange for the two $20 bills. The substances were subsequently determined to have a total weight of .1 grams and to contain cocaine base. On 13 June 2011, Defendant was indicted on charges of possession with intent to sell and deliver cocaine and sale of cocaine.

Defendant denied being the person who sold Mr. West the drugs, claiming that it was probably one of his two sons, named Donnell, Jr.,

---

1. Because we find there was prejudicial error in the the admission of irrelevant evidence, we do not address Defendant's second and third arguments pertaining to the trial court's failure to exercise discretion and to the trial counsel's alleged ineffective assistance of counsel.

and Aikeem. Detective Mark Boris of the Shelby Police Department prepared three photo lineups which were shown to Mr. West. The third lineup contained a picture of Defendant. Purportedly, each of the first two lineups contained a picture of either Donnell, Jr., or Aikeem. Mr. West identified an individual from each lineup, including Defendant in the third lineup, as people from whom he had purchased drugs in the past, but he did not identify the photos he chose from the first two lineups as Defendant's sons by name or familial association with Defendant.

Defendant's case came on for trial at the 12 March 2012 session of Cleveland County Superior Court. At trial, the three photos from the lineups were introduced into evidence as State's Exhibits 7, 8 and 9. The video of the drug transaction was also admitted into evidence, but only a portion of the face of the man who sold Mr. West the cocaine was visible on the video. During deliberations the jury requested to review the photographs, the videotape and the testimonial evidence. The trial court allowed the jury to review the photographs and the videotape. Ultimately, the jury returned guilty verdicts on both charges. The trial court entered judgments consistent with the jury's verdicts, sentencing Defendant to consecutive terms of 15 to 18 months incarceration on the possession with intent to sell and deliver conviction, and 21 to 26 months incarceration on the sale of cocaine conviction. From these judgments, Defendant appeals.

## II. Analysis

Defendant argues on appeal that the trial court erred by admitting, as substantive evidence, the State's Exhibits 7 and 8, which were photographs picked out by Mr. West from the first two lineups. Defendant specifically challenges the admission of the photographs as substantive evidence on two grounds: (1) Defendant contends the photographs were not properly authenticated in violation of N.C. Gen. Stat. § 8C-1, Rule 901 (2011); and (2) Defendant contends the photographs were irrelevant and prejudicial in violation of N.C. Gen. Stat. § 8C-1, Rules 401 and 403 (2011). We address each argument in turn.

"We [generally] review the trial court's decision to admit evidence for abuse of discretion, looking to whether the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Williams*, 363 N.C. 689, 701, 686 S.E.2d 493, 501 (2009), *cert. denied*, __ U.S. __, 178 L. Ed. 2d 90 (2010). However, with regard to a determination on the relevancy of evidence, "a trial court's rulings . . . technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to

Rule 403[;] [nonetheless][,] such rulings are given great deference on appeal." *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991), *cert. denied*, 506 U.S. 915, 121 L. Ed. 2d 241 (1992).

## A. Authentication

**[1]** N.C. Gen. Stat. § 8-97 provides that "[a]ny party may introduce a photograph . . . as substantive evidence upon laying a proper foundation and meeting other applicable evidentiary requirements." *Id.* Rule 901 of our Rules of Evidence requires authentication or identification "by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.C. Gen. Stat. § 8C-1, Rule 901 (2011). "In order for a photograph to be introduced, it must first be properly authenticated by a witness with knowledge that the evidence is in fact what it purports to be." *State v. Lee*, 335 N.C. 244, 270, 439 S.E.2d 547, 560, *cert. denied*, 513 U.S. 891, 130 L. Ed. 2d 162 (1994) (citation omitted).

In this case, the testimony concerning authentication of the photographs consisted of testimony from Mr. West and from Detective Boris. Mr. West testified that he knew the individuals depicted in Exhibits 7 and 8 to be people from whom he had bought drugs in the past, though not on 18 January 2011, and that he had picked each of them out of a photo lineup the night before. Mr. West did not further testify as to the identities of the men depicted in Exhibits 7 and 8. Mr. West, however, testified that the individual depicted in Exhibit 9 was the person from whom he bought drugs on 18 January 2011 and that the person was Defendant. Over Defendant's objection, all three photos were admitted as substantive evidence.

We believe this testimony was sufficient to authenticate Exhibits 7 and 8 as photographs of people from whom Mr. West purchased drugs in the past. *See Lee*, 335 N.C. at 270, 439 S.E.2d at 560 (stating that, "[i]n order for a photograph to be introduced, it must first be properly authenticated by a witness with knowledge that the evidence is in fact what it purports to be"). We further believe this testimony was sufficient to authenticate Exhibit 9 as Defendant, such that it was properly admitted. *See id.*

The State, however, attempted to further authenticate Exhibits 7 and 8 as photos depicting Defendant's sons through the testimony of Detective Boris. Detective Boris' testimony was somewhat confusing on the issue. On direct examination, he testified that he put together three lineups with photos of Defendant and his two sons; that Exhibit 7 was a picture of Defendant's son Aikeem; that he could not remember the name of the individual depicted in Exhibit 8; and that Exhibit 9 was a

picture of Defendant. However, on cross-examination, he gave the following testimony:

A. I believe number 7 is going to be Aikeem.

Q. But you're not sure?

A. I'm sure number nine is definitely Donnell, Senior. Number eight, I'm really not sure what his name is. When I put together a photo lineup, it often involves –

Q. My question is are you sure or not that seven is Aikeem; a hundred percent are you sure?

A. The idea of a lineup is to get them all to look exactly the same so from what I remember, yes, these two.

Q. Are you saying yes, it is or –

A. I'm saying I'm one hundred percent that this gentleman is Donnell, Senior. I remember putting his lineup together, and that's my suspect. I couldn't be a hundred percent sure on these two.

Q. So you can't be a hundred percent on the people you say are Aikeem or the other person?

A. No, I can't, no sir.

We do not believe the foregoing testimony from Detective Boris was sufficient to authenticate Exhibits 7 and 8 as photographs depicting Defendant's sons. *See Lee*, 335 N.C. at 270, 439 S.E.2d at 560.

### B. Relevancy

[2] Defendant next argues that the photographs – even if properly authenticated as photographs of people from whom Mr. West had purchased drugs in the past – were nonetheless irrelevant and prejudicial to Defendant's trial.

N.C. Gen. Stat. § 8-97 provides that "[a]ny party may introduce a photograph . . . as substantive evidence upon laying a proper foundation and meeting other applicable evidentiary requirements." *Id.* Evidence is admissible at trial if it is relevant and its probative value is not substantially outweighed by, among other things, the danger of unfair prejudice. N.C. Gen. Stat. § 8C-1, Rules 402 and 403 (2011). Relevant evidence is defined as "any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

N.C. Gen. Stat. § 8C-1, Rule 401 (2011). "Rule 401 sets a standard to which trial judges must adhere in determining whether proffered evidence is relevant; at the same time, this standard gives the judge great freedom to admit evidence because the rule makes evidence relevant if it has any logical tendency to prove any fact that is of consequence." *Wallace*, 104 N.C. App. at 502, 410 S.E.2d at 228. "[A] trial court's rulings on relevancy . . . are given great deference on appeal." *Id.* However, "compliance with the facial requirements of Rule 901(a) does not mean . . . that an exhibit automatically qualifies as relevant under Rule 401[.]" *State v. Patterson*, 103 N.C. App. 195, 405 S.E.2d 200, *aff'd*, 332 N.C. 409, 420 S.E.2d 98 (1992).

In this case, the transcript does not shed any light on how the photographs – if they were not authenticated as Defendant's sons, but rather, only as men Mr. West had purchased drugs from in the past – had any tendency to make the existence of any fact of consequence more probable or less probable than it would be without the photographs. Therefore, we conclude that Exhibits 7 and 8 were irrelevant. *See generally Patterson*, 103 N.C. App. at 203, 405 S.E.2d at 205 (holding that a sketch was irrelevant because no testifying witness had "personal knowledge of the suspects' appearances and could not, therefore, vouch for the accuracy of the sketched representations"). Accordingly, the trial court erred by admitting Exhibits 7 and 8 as substantive evidence in this case.

## C. Prejudice

**[3]** Defendant has the burden of showing that the error was prejudicial by establishing a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial. N.C. Gen. Stat. § 15A-1443(a) (2011). Defendant argues he was prejudiced by the trial court's admission of Exhibits 7 and 8 into evidence for the following reason:

> [The jury was left with] the impression that the issue had already been resolved and that the men [depicted in Exhibits 7 and 8] were, in fact, Defendant's sons. The jury's full understanding of the lineup testimony was material – indeed, critical – to the determination of Defendant's guilt or innocence. If one of Defendant's sons was the seller, and if neither of the two men depicted in the photographs were, in actuality, Defendant's sons, then their features clearly would not match the small portion of the seller's lower face visible on the paused video.

In other words, Defendant argues, the jury quite possibly made its determination that it was Defendant - and not one of his sons - who appears in the video based on a conclusion that Defendant as portrayed in Exhibit 9 looked more like the man in the video than the individuals depicted in Exhibits 7 and 8, who the jury may have believed were Defendant's sons. This argument is substantiated by evidence heard at trial and by inquiries made by the jury during deliberation. During the trial, the jury heard testimony that Defendant had a son named Donnell, Jr., who also sometimes went by "Donnell," who was the "spitting image" of his father, Defendant, and who frequented the residence where Mr. West purchased the cocaine. The jury also heard testimony that Aikeem looked a lot like Donnell, Jr., that Mr. West had indicated prior to trial that on the relevant day in question he had "bought [the drugs] from a young black male maybe mid-twenties[,]" and that Defendant's appearance at trial was different from his appearance on the date Mr. West purchased the cocaine:

Q. Mr. West, you did make a description of the individual from whom you bought that cocaine that day; correct?

A. Yes.

Q. I believe your words were you bought it from a young black male maybe mid-twenties; is that correct?

A. Yes.

Q. [Defendant] is not in his mid-twenties; is he?

A. No.

Q. Does he appear the same way today that he appeared on January 18, 2011?

A. No. He didn't have facial hair or a beard or nothing.

Q. Facial hair that's kind of gray underneath his chin, he didn't have that?

A. No.

Q. Was he wearing glasses if you remember?

A. No, no glasses.

Q. Did he appear younger to you than he appears today?

A. Yes. I mean, you know.

Moreover, the jury heard Detective Boris' conflicting testimony at trial regarding the identity of the men shown in Exhibits 7 and 8.

During deliberations the jury sent a note asking the trial court to allow them to review Exhibits 7, 8 and 9, the videotape showing the drug transaction and testimonies. The transcript shows that the jury wanted to view Exhibits 7 and 8 – which had been authenticated only as photos of *unidentified* men from whom Mr. West had purchased drugs in the past – and the videotape of the drug buy *to compare* the photos and the videotape. The jury asked the judge specifically to "pause [the video] at one point . . . where we could see a . . . portion of somebody's face[.]" Moreover, the jury asked whether they could hear the portion of the tape when Mr. West "says Donnell[?]" because "we think we heard [the man] say yes." While the trial court allowed the jury to review the photographs and the videotape, the trial court never responded to the jury's request to review the testimonies concerning the photographs, which presumably would have included Detective Boris' testimony on cross-examination. Had the jurors been able to review the testimonies, they may have determined that Exhibits 7 and 8 had not been conclusively identified as Defendant's sons, and, resultantly, they may not have made their decision based on a comparison of the photos with the video. We believe Defendant's argument has merit.

It is clear from the transcript that the jury wanted to compare the three photographs with the person depicted in the videotape of the drug sale. The jury wanted to review Exhibits 7 and 8 in conjunction with the videotape because they had some doubt as to whether Defendant or one of his sons made the sale. If the individuals depicted in Exhibits 7 and 8 were, in fact, not Defendant's sons, then the jury may have resolved the doubt in favor of finding Defendant guilty because, in their minds, Defendant resembled the individual depicted in the videotape more than the individuals depicted in Exhibits 7 and 8. Therefore, we believe there is a reasonable possibility that, had Exhibits 7 and 8 not been admitted as substantial evidence, a different result would have been reached at the trial. N.C. Gen. Stat. § 15A-1443(a).

NEW TRIAL.

Judge STEPHENS and Judge STROUD concur.